**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VANESSA DAMARY GALINDO-PEREZ; et al.,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.    18-70656<br><br>Agency Nos.   A202-083-409<br>                      A202-083-410<br>                      A202-083-411<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 23, 2020[**]

Before:   HAWKINS, GRABER, and BYBEE, Circuit Judges.

Vanessa Damary Galindo-Perez ("Galindo-Perez") seeks review of an order

of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("IJ") denial of her claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

Substantial evidence supports the BIA's conclusion that Galindo-Perez has not established past persecution. Persecution is an extreme concept that requires more than offensive treatment or harassment. *Korablina v. INS,* 158 F.3d 1038, 1044 (9th Cir. 1998). Galindo-Perez received verbal harassment, dirty looks, and vague threats during her time working as a police traffic officer assistant, but she suffered no physical harm other than being pushed from behind one time. The evidence does not compel the conclusion that this rises to the level of past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019) (two death threats, unaccompanied by physical violence, did not compel finding of persecution).

The evidence also does not compel the conclusion that Galindo-Perez has an objectively reasonable fear of future persecution on account of a protected ground by a group the government is unable or unwilling to control. She suffered no harm or credible threats while working as an active police assistant, and she could not explain why a gang would still be interested in her after six years out of the country. Galindo-Perez also proffered no information regarding who killed her uncle or the father of her children in 2009 and 2010 and made no assertion that the

two deaths were related. Moreover, she continued to live in the country for several years after their deaths without harm. Galindo-Perez's fear of generalized gang violence and civil unrest facing the country as a whole does not create a claim for asylum. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

The evidence does not compel a conclusion that Galindo-Perez has suffered past persecution or has a well-founded fear of future persecution, and therefore her claim for asylum fails. *See Gu v. Gonzales*, 454 F.3d 1014, 1021–22 (9th Cir. 2006). Because she has not established eligibility for asylum, it necessarily follows that she has not met the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004). Galindo-Perez also failed to establish that it is more likely than not that she would be tortured if returned to Honduras, and thus her CAT claim also fails. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

We review de novo Galindo-Perez's claim that the IJ deprived her of her due process right to a full and fair hearing. *Zetino*, 622 F.3d at 1011. However, Galindo-Perez was given "a reasonable opportunity to present evidence on [her] behalf." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006) (internal quotation marks omitted). The IJ did not improperly curtail her testimony about events that happened to her, her family, or her coworkers. Rather, her attorney

3

asked numerous open-ended questions to which she responded, and the IJ asked several follow-up questions for clarification. The IJ also gave her attorney the opportunity to ask additional questions before ending the hearing. Galindo-Perez's due process rights were not violated.

**PETITION DENIED.**